CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 2 2006

JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT SAMPSON,<br>  Plaintiff, | Civil Action No. 7:06cv00194 |
| v. | **MEMORANDUM OPINION**<br>**& ORDER** |
| ROCKINGHAM COUNTY JAIL, et al.,<br>  Defendants. | By: **Samuel G. Wilson**<br>**United States District Judge** |

This matter is before the court upon the letter of plaintiff Robert Sampson, which the court will construe as a motion for preliminary injunctive relief. Sampson requests that this court order him transferred to an institution within the Virginia Department of Corrections. In support of this motion, plaintiff alleges that the defendants refuse to provide him with law books, that he was denied mail privileges for one week, and that he received a threatening letter through the institutional mail system which he believes may have been written by one of the defendants.

A district court should award preliminary injunctive relief sparingly and only when the party seeking relief has demonstrated actual, imminent, irreparable harm. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). As such, Sampson must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." See Direx Israel, Ltd., 952 F.2d at 812 (citation omitted). Sampson has failed to demonstrate an actual, imminent threat of irreparable harm. Sampson has been in touch with the court frequently since he filed his case, and a review of the record reveals that Sampson's case is progressing. Thus, the court finds that he has not demonstrated actual imminent harm to his ability to maintain and further his suit.

As for the threatening letter Sampson allegedly received, he admits that he does not know who sent the letter and therefore cannot say with any certainty that a member of the jail staff sent the letter. Thus, he can only speculate that someone capable of actually harming him sent the letter and that the sender will carry out any threats he or she may have made. That showing does not warrant the award of injunctive relief.

Accordingly, it is **ORDERED** and **ADJUDGED** that Sampson's motion for a preliminary injunction is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion & Order to plaintiff.

**ENTER**: This 11th of May, 2006.

United States District Judge

2

4/30/06

## United States District Court

I Robert Sampson, the petitioner in civil Action # 7:06-cv-194 wishes to ask this court, to grant me relief and issue an order to have myself moved to the Department of Corrections.

I'm being retaliated against because of my civil action suit. I feel I'm in imminent danger here at Rockingham County Jail.

I'm not being giving legal access, my mail priviledge was taken one week. The law book's I need hasn't been granted in (3) three months. And, I've received an, threatening and intimidating letter through the jail's mail system from an staff member/officer probaly one of the defendant's. I need help there's no emergency grievance procedure's here what can I do but ask this court for the relief I seek. Another suit is forthcoming for failure to give legal access Etc.