CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 15 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT E. SAMPSON,** | ) |
| Plaintiff, | ) Civil Action No. 7:06cv00194 |
| | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| | ) |
| **ROCKINGHAM COUNTY JAIL, et al.,** | ) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

Robert E. Sampson, a Virginia inmate proceeding pro se, brings this action for damages pursuant to 42 U.S.C. § 1983 against the Rockingham County Jail, Deputy K. Sears, and Deputy Brenda Laconia. The court has allowed Sampson to proceed in forma pauperis in this matter. However, the court advised Sampson that, should the court find that he has brought on three or more occasions, an action or appeal in a federal court that the court dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, the court would not allow him to proceed in this matter without complete prepayment of the filing fee, unless he established that he was in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Having reviewed the record, the court finds that plaintiff has had at least three civil actions dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted.[1] Accordingly, because plaintiff has at least three "strikes" within the meaning of § 1915(g), he cannot proceed in this action without full payment of the required filing fee[2] unless he demonstrates that he is "under imminent danger of serious physical injury." § 1915(g).

Sampson claims that the defendants violated his federal constitutional rights by failing to

---

[1] See Sampson v. Rockingham County Jail., Civil Action No. 7:06cv00310 (W.D. Va., June 12, 2006); Sampson v. Pulaski Correctional Unit, Civil Action No: 7:01cv00299 (W.D. Va, May 11, 2001); and Sampson v. Rockingham County Jail, et al., Civil Action No. 7:00cv0079 (W.D. Va, October 30, 2000).

[2] This fee is set by statute. See 28 U.S.C. § 1914(a).

protect him from an assault by a group of fellow inmates. However, he admits that he is no longer housed with the inmates who assaulted him. Sampson also claims that the jail is negligent as to the safety of inmates because there are sharp edges on the shelf in one of the holding cells, because jail personnel are not making enough "walk throughs (sic)" in the segregation unit, because, on one occasion, a fight broke out among inmates and guards did not respond for several minutes, and because he believes the jail has improperly released at least two inmates. The court cannot conclude from these claims that Sampson is *presently* at imminent risk of serious physical harm.³

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Sampson's privilege to proceed in forma pauperis and to proceed in this action without prepayment of the filing fee is **REVOKED**. Sampson has ten business days from the entry of this Order in which to pay the filing fee in its entirety. Plaintiff is hereby advised that failure to pay the entire filing fee within ten business days of the entry of this order will result in the dismissal of this action pursuant to 28 U.S.C. §1915(g).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and Order to plaintiff and counsel of record for the defendants.

ENTER: This 15th day of June, 2006.

United States District Judge

---

³Moreover, merely negligent failure to protect an inmate from violence or disregard for an inmate's safety fails to state a claim of constitutional magnitude. See Moore v. Winebrenner, 927 F.2d 1312, 1316 (4 th Cir. 1991)(finding warden was not liable for inmate stabbing even though inmate was housed with in a unit with approximately 40 other inmates, inmates were permitted to move freely in the unit, only one guard was posted in the unit, and in the event of an altercation correctional employees were advised not to intervene unit until sufficient backup arrived); see also, Whitley v. Albers, 475 U.S. 312, 319 (1986)(stating that merely a lack of due care for prisoner's interests and safety fails to state an Eighth Amendment claim).

2